United States District Court
Southern District of Texas
**ENTERED**
June 03, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ROSARIO CRUZATA ROJAS, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-04316 |
| | § | |
| versus | § | |
| | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| MARTIN FRINK, Respondent. | § | |

# ORDER

The petition for a federal writ of *habeas corpus* by Petitioner Rosario Cruzata Rojas, filed on her behalf by Maritza Cruzata Rojas, is stricken. Dkt 1.

Petitioner is granted leave to file an amended petition as explained below.

1. Background

Petitioner is currently being detained by immigration officials at the Houston Contract Detention Facility in Houston, Texas. Dkt 1 at 1. A petition seeking a writ of *habeas corpus* was filed on her behalf by her sister as "next friend." It admits to her illegal entry on a prior date but asserts that her detention is illegal as a violation of (i) the Immigration and Naturalization Act, and (ii) the Due Process Clause of the Fifth Amendment. Id at 6–7. Petitioner didn't sign or otherwise acknowledge the petition, nor did the "next friend." Id at 8.

2. Putative filing by next friend

A petition for writ of *habeas corpus* may be "signed and verified by the person for whose relief it is intended *or by someone acting in his behalf*." 28 USC §2242 (emphasis added). A person acting on behalf of another—a *next friend*—doesn't become a party to the action but instead

simply pursues the action on behalf of the person detained, who remains the real party in interest. *Whitmore v Arkansas,* 495 US 149, 163 (1990).

Jurisdiction to entertain a petition filed by a next friend exists only if the next friend establishes standing. Standing to proceed as a next friend in *habeas* proceedings "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Ibid. The Fifth Circuit has long observed, "The 'next friend' expedient, which on occasion may be essential to the efficacy of the 'Great Writ,' may not be so abused as to unleash on the courts a quasi-professional group of lay writ writers who would seek to right all wrongs, both real and imagined." *Weber v Garza*, 570 F2d 511, 514 (5th Cir 1978, *per curiam*). Instead, a person seeking to proceed as the next friend of another must clearly "establish the propriety of [such] status and thereby justify the jurisdiction of the court." *Whitmore*, 495 US at 164.

The person seeking status as a next friend must (i) provide an adequate explanation as to why the real party in interest can't pursue the action on his own behalf, (ii) establish dedication solely to the best interests of the real party in interest, and (iii) show a significant relationship with the real party in interest. See *Thorpe v Eavenson*, 2007 WL 4355441, at *2 (ND Tex), citing *Whitmore*, 495 US at 163–64.

The first criterion is essential. If the petition "filed by a would-be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device," the court lacks jurisdiction to consider the petition. *Weber*, 570 F2d at 514; see also *Whitmore*, 495 US at 163. In this respect, an *adequate explanation* requires a clear showing that the real party in interest "is unable to seek relief on his own behalf or is mentally incompetent to do so." *Lovelace v Lynaugh*, 809 F2d 1136, 1137–38 (5th Cir 1987, *per curiam*), citing *Gilmore v Utah*, 429 US 1012, 1014 (1976).

It is assumed for purposes of this order that Petitioner's sister satisfies the second and third

requirements to be a next friend. But no sufficient showing is presented as to the first requirement. The main explanation she gives for why Petitioner can't pursue this action on her own behalf is that she is detained. But the sole purpose of *any* petition for a writ of *habeas corpus* is to challenge the legality of an ongoing detention. See *Poree v Collins*, 866 F3d 235, 243 (5th Cir 2017), citing *Preiser v Rodriguez*, 411 US 475, 500 (1973), and *Wilkinson v Dotson*, 544 US 74, 78 (2005). If being detained was sufficient of itself to warrant filings by a next friend, the next-friend device could be used in all *habeas* cases. That is not the rule articulated by the Supreme Court in *Whitmore*. See 495 US at 163.

Petitioner's sister also alleges that Petitioner doesn't speak or write English. But it bears mention that, to this point, many hundreds of *habeas* petitions have been filed in this district by immigration detainees representing themselves, many of whom are detained in the same facility as Petitioner and don't speak or write English. Yet next-friend status is rarely sought. That it may be easier for Petitioner's sister to file the petition isn't sufficient to confer standing to pursue relief as a next friend. And to be clear, nothing is offered to show that Petitioner is mentally incompetent or otherwise unable to file pleadings on his own behalf when many others detained at the same facility have done so.

In short, Petitioner's sister hasn't alleged facts showing that Petitioner is unable to seek *habeas corpus* relief on her own behalf and is thus in need of a next friend to pursue her claims for her. Absent such proof, jurisdiction to consider the petition filed by Petitioner's sister on her behalf is lacking.

This petition must be stricken for lack of standing to pursue it by the next friend.

3. Leave to amend

While the current petition must be stricken, Petitioner will be granted leave to file an amended petition. In doing so, Petitioner should be mindful of the following.

*First*, Rule 11(a) of the Federal Rules of Civil Procedure requires that all pleadings filed by a *pro se* party be personally signed by the party. Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts requires a party to sign a petition under penalty of perjury. While this petition was filed under §2241, Rule 1(b) of the Rules Governing Section 2254 Cases permits the district courts to apply the rules to all *habeas corpus* petitions. Petitioner may seek assistance with respect to any language barrier. But any amended petition filed in this action must be personally signed by Petitioner.

*Second*, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See id at 502–08. Such determination forecloses any statutory arguments under the INA.

The undersigned has also resolved an array of closely related issues upon determination that the Government may properly apply 8 USC §1225(b)(2)(A) in circumstances similar to those of Petitioner. For example, see:

- *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex): Finding that (i) the term "applicant for admission" is determinative, as it is broadly defined to include anyone "present in the United States who has not been admitted," (ii) application of §1225(b)(2)(A) doesn't render superfluous the amendment to §1226 by the Laken Riley Act, and (iii) no due process violation occurs where constitutional argument depends on rejected statutory interpretation of §§1225 and 1226.
- *Rodriguez-Hidalgo v Noem*, 4:25-cv-05730 (SD Tex, Jan 9, 2026): Rejecting arguments

based on (i) bond regulations because statutory language prevails over putative conflicting regulations, (ii) due process because the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings, and (iii) eligibility for adjustment of status under the Cuban Adjustment Act because such is outside the scope of *habeas* jurisdiction.

- *Sanchez-Sanchez*, 4:26-cv-00144 (SD Tex, Jan 30, 2026): Holding that the order purporting to certify a nationwide class in *Bautista v Santacruz*, 813 F Supp 3d 1084 (CD Cal 2025), exceeded the jurisdiction of the Central District of California and has no preclusive effect. See also *Calderon Lopez v Lyons*, 813 F Supp 3d 692 (ND Tex 2025) (Hendrix, J) (detailing jurisdictional issues), and *Bautista v Department of Homeland Security*, 26-1044 (9th Cir), Dkt 17 (staying district court order insofar as it extends beyond the Central District of California upon determination that "the government [ ] made a strong showing that . . . the district court exceeded its jurisdiction in certifying a nationwide class.").
- *Ruz Fuente v Noem*, 2026 WL 1270531 (SD Tex): Holding that prior temporary protected status did not constitute "admission" under the INA, and that order in *National TPS Alliance v Noem*, 2025 WL 3539156 (ND Cal), purporting to declare termination of that status for Venezuelan nationals unlawful violated stay by the Supreme Court and otherwise had no preclusive effect.
- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of

8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings doesn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.

- *Llanes Carnesolta v Tate,* 2026 WL 948727 (SD Tex): Holding that (i) disparate treatment between those detained under §1225(b)(2)(A) and §1226(a) doesn't violate equal protection, (ii) claims under the *Accardi* doctrine as to lawfulness of arrest fail because an illegal arrest has no bearing on the legality of detention following arrest, and (iii) claims under the Suspension Clause necessarily fail to the extent that petitions are addressed on the merits.
- *Marcelo-Aguila v Noem,* 2026 WL 936337 (SD Tex): Holding that the decision by prior Administrations to decline to enforce 8 USC §1225(b)(2)(A) does not estop or otherwise prevent the current Administration from enforcing the statute as written.
- *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, April 27, 2026): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas* as to post-removal-order detention.

The arguments presented in the original petition raise only issues resolved in the decisions cited above. It thus appears on the face of the petition that Petitioner isn't entitled to the relief requested. See 28 USC §2243.

That said, Petitioner may in her amended petition specify any individual circumstances supporting a different result. For example, the undersigned has granted petitions

for writs of *habeas corpus* or otherwise ordered release where determined appropriate upon a showing of individual, meritorious circumstances. For example, see:

- *Abuelhawa v Noem*, 811 F Supp 3d 847 (SD Tex 2025): Ordering release where the petitioner was subject to a final order of removal, and the Government failed to rebut his showing of good reason to believe that no significant likelihood of removal existed in the reasonably foreseeable future. See also *Iqbal v McBride*, 2025 WL 4634563 (SD Tex) (same); *Sachchithananthan-Pakeerathan v Dickey*, 4:25-cv-05660 (SD Tex, Jan 19, 2026) (same).
- *Contreras Martinez v Noem*, 4:25-cv-03806 (SD Tex, Aug 25, 2025): Ordering release where the petitioner posted the requisite bond after an immigration judge had entered a valid bond order.
- *Arcos v Noem*, 2025 WL 2856558 (SD Tex): Finding 8 CFR §1003.19(i)(2) unconstitutional as applied to the petitioner in that particular circumstance.
- *Cruz-Padilla v Lacy*, 4:26-cv-00149 (SD Tex, Jan 22, 2026): Granting petition and ordering bond hearing before immigration judge where the Government failed to make a timely show-cause filing as ordered.

4. Conclusion

The petition filed by Maritza Cruzata Rojas on behalf of Petitioner Rosario Cruzata Rojas is STRICKEN as unauthorized.

Petitioner Rosario Cruzata Rojas may, within twenty days from entry of this Order, FILE an amended petition with additional authorities or distinguishing facts not considered in the rulings cited above on prior dismissals.

Absent a showing of distinguishing facts, the amended petition will be denied and this action dismissed with entry of final judgment.

Petitioner may in the alternative voluntarily dismiss the petition.

SO ORDERED.

Signed on June 03, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge