United States District Court
Southern District of Texas
**ENTERED**
July 16, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROSARIO CRUZATA ROJAS, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-04316 |
| | § | |
| | § | |
| versus | § | |
| | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| MARTIN FRINK, | § | |
| Respondent. | § | |

## OPINION AND ORDER ON DISMISSAL

Pending are an amended petition for writ of *habeas corpus* by Petitioner Rosario Cruzata Rojas and the Government's response. Dkts 8 & 9.

Petitioner filed an initial petition under 28 USC §2241 through a next friend on May 28, 2026. Dkt 1. That petition was stricken for lack of jurisdiction. Dkt 6. The order striking the petition noted the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494, 502–08 (5th Cir 2026), which holds that 8 USC §1225(b)(2)(A) subjects anyone present in the United States without legal admission to mandatory detention as an "applicant for admission" deemed to be "seeking admission." Id at 4. The order also conveyed a number of previous decisions by the undersigned resolving several closely related issues. Id at 4–7.

Initial screening of the next-friend petition determined that the arguments presented raised only issues resolved in those decisions. But Petitioner was granted an opportunity to file an amended petition, either *pro se* or through counsel, specifying individual circumstances or additional arguments supporting a different result. Id at 7.

Petitioner filed an amended petition on July 10. Dkt 8. She now proceeds *pro se*. She acknowledges illegal entry into the United States on a prior date. Id at 3. She recognizes the prior decision in *Buenrostro-Mendez*, but she nevertheless contends it doesn't apply to her because (i) she was previously released on supervision, (ii) she complied with all immigration orders before her detention, (iii) she has no criminal history and isn't a danger to the community, (iv) her immigration proceedings under the Cuban Adjustment Act are pending, and (v) detention is causing her significant physical and emotional harm. See id at 4–6.

*As to any statutory claim,* Petitioner expresses her disagreement with the Fifth Circuit's determination in *Buenrostro-Mendez* that individuals like herself, present in the United States without legal admission, are subject to detention under §1225(b)(2)(A). But the undersigned previously reached the same conclusion based on the plain language of the statute. See *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex); *Herrera Naranjo v Uhls*, 2025 WL 3771447 (SD Tex). And even if inclined to reconsider, the undersigned couldn't grant Petitioner relief contrary to *Buenrostro-Mendez* because a district court "is bound by a circuit decision unless or until it is overturned by an *en banc* decision of the circuit court or a decision of the Supreme Court." *La Unión del Pueblo Entero v Abbott*, 614 F Supp 3d 509, 525 (WD Tex 2022), quoting *Perez v Abbott*, 250 F Supp 3d 123, 139 (WD Tex 2017). Petitioner's disagreement with prior decisions and binding Fifth Circuit precedent isn't a basis for *habeas corpus* relief.

*As to the claim based on prior release,* Petitioner essentially seeks to bind the current Administration to decisions made previously regarding the enforcement of a statute clearly applicable to her. The Fifth Circuit notes that courts are "exceedingly reluctant to grant equitable estoppel against the government." *Robertson-Dewar v Holder*, 646 F3d 226, 229 (5th Cir 2011). As the Supreme Court observes, "When the Government is unable to enforce the law because the conduct of its agents has given

2

rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of law is undermined." *Heckler v Community Health Services of Crawford County, Inc*, 467 US 51, 60 (1984). "In addition, the government should not be unduly hindered from changing its position if that shift is the result of a change in public policy." *United States v Owens*, 54 F3d 271, 275 (6th Cir 1995).

Such concerns are certainly present here. The Supreme Court has recognized that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Maceda Jimenez v Thompson*, 2025 WL 3265493, *1 (SD Tex), quoting *Demore v Kim*, 538 US 510, 526 (2003). The decision of prior Administrations to decline to enforce §1225(b)(2)(A) against individuals like Petitioner neither changes the plain statutory text nor otherwise abrogates the Government's authority to lawfully detain her pending her removal. As recently explained by Judge Fernando Rodriguez:

> Petitioner enjoyed liberty within the United States for some years when past administrations exercised their discretion to forgo applying [§]1225 to him. But no statutory or regulatory provision, and no Constitutional principle, requires Respondents to follow specific procedural steps before exercising their authority to the fullest under [§]1225.

*Makhmudov v Lyons*, 2026 WL 879392, *1 (SD Tex).

*As to the due process claims,* due process arguments similar to those raised by Petitioner were rejected by the undersigned in *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex), which held that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A). The undersigned later found that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even when it exceeds the six-month period set out

in *Zadvydas v Davis,* 533 US 678 (2001), as to post-removal-order detention. See *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, April 27, 2026). And the petition and its attachments make clear that Petitioner's removal order is not yet final, so the presumptively constitutional six-month post-final-order detention period provided by *Zadvydas* hasn't yet begun.

The Government was ordered to address the effect, if any, of the Fifth Circuit's decision in *Sosnava Rodriguez v Ortega,* 2026 WL 1906557 (5th Cir), on Petitioner's detention. Dkt 7. With reference to limitations imposed by the Due Process Clause, the panel decision held that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at *16. But as the Government points out in its response, that decision was vacated, on July 10, 2026, pending rehearing *en banc.* See *Sosnava Rodriguez,* 26-50183 (5th Cir, July 10, 2026). Dkt 9. This means that the panel decision is currently "of no precedential value." *Comer v Murphy Oil USA, Inc,* 718 F3d 460, 468 (5th Cir 2013).

Petitioner's contentions concerning her lack of criminal history, pending immigration proceedings, and compliance with earlier immigration orders may bear on the question of whether she should ultimately be removed. But they don't bear on the question of whether she may be detained during the pendency of such removal proceedings. As such, she hasn't shown that her current detention violates her rights under the Due Process Clause.

*As to claims of physical and emotional injury,* while sympathetic, they aren't properly raised in this *habeas corpus* action. *Solano-Hurtado v Garcia,* 2026 WL 916966, *3 (SD Tex): "Conditions-of-confinement claims improperly raised in a *habeas corpus* petition must be dismissed for lack of jurisdiction." Any such claims must instead be raised in a civil rights action. See *Melot v Bergami,* 970 F3d 596, 599 (5th Cir 2020).

\*   \*   \*

Because Petitioner hasn't established that her detention violates either the Constitution or federal law, she isn't entitled to relief on *habeas corpus* in this action.

The amended petition for writ of *habeas corpus* by Petitioner Rosario Cruzata Rojas is DENIED. Dkt 8.

This action is DISMISSED WITH PREJUDICE.

All pending motions are DENIED AS MOOT.

A certificate of appealability is DENIED as unnecessary.

Final judgment will enter separately.

The Clerk will mail this Order to Petitioner and email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this disposition to Respondents.

SO ORDERED.

Signed on __July 16, 2026__ , at Houston, Texas.

_____

Honorable Charles Eskridge
United States District Judge

5